[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 12-10933

————————

D. C. Docket No. 3:10-cv-00111-WBH

CHAUCER CORPORATE CAPITAL (NO. 2) LIMITED,
HISCOX DEDICATED CORPORATE MEMBER LIMITED,
LANTANA INSURANCE LIMITED,
QBE SPECIALTY INSURANCE COMPANY,

Plaintiffs-Counter
Defendants-Appellees,

versus

NORMAN W. PASCHALL COMPANY, INC.,

Defendant-Counter
Claimant-Appellant.

————————

Appeal from the United States District Court
for the Northern District of Georgia

————————

(August 2, 2013)

Before MARTIN and FAY, Circuit Judges, and GOLDBERG,[*]Judge.

PER CURIAM:

Insurer Underwriters Chaucer Corporate Capital (No. 2) Limited, et al. ("Insurers") filed a declaratory judgment action in district court after defendant Norman W. Paschall Company, Inc. ("Paschall") submitted an insurance claim for a fire loss. The parties filed cross-motions for summary judgment. Specifically, Insurers sought declaratory relief in the form of a ruling that they have no duty under their insurance policy to indemnify Paschall for the loss. Paschall counter-claimed for the recovery of damages caused by the fire.

Under the terms of the insurance policy, Paschall warranted that "fire protection sprinklers are provided throughout all buildings," [Doc. 86-22 at 2], and that it would maintain an automatic sprinkler system, [id. at 3]. Under the terms of a " Protective Safeguard Exclusion," the policy excludes from coverage:

loss or damage caused by or resulting from fire if, prior to the fire [Paschall]:

1. Knew of any suspension or impairment in [the Automatic Sprinkler System] and failed to notify [Insurers] of that fact; or

2. Failed to maintain [the Automatic Sprinkler System], over which [Paschall] had control, in complete working order.

---

[*] Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

2

[Doc 86-3 "Protective Safeguards"]

We review a district court's grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when there are no genuine issues of material fact, and the evidence compels judgment as a matter of law in favor of the moving party. *Id.* at 836-37.

After reviewing the record, reading the parties' briefs, and hearing oral argument, we conclude that the district court correctly granted summary judgment in favor of the Insurers. The district court properly found Insurers carried their burden of showing that two exclusions apply to bar coverage. First, the district court properly determined that coverage was barred by the exclusion that applies where Paschall failed to maintain its automatic sprinkler system, over which it had control, in complete working order, because Paschall's maintenance employee had turned off an entire system of the automatic sprinkler system. We likewise conclude from the record that the district court correctly determined that the exclusion applies that precludes coverage where Paschall fails to inform Insurers of a known suspension or impairment in its automatic sprinkler system. We agree with the district court's application of general Georgia Agency Law when it found that the maintenance employee's knowledge that the sprinkler system had been turned off was imputed to Paschall. Because a portion of a sprinkler system being

3

"off" constitutes a suspension and/or impairment, and Paschall failed to inform Insurers about this suspension and/or impairment, we conclude the district court properly found there was no coverage.

Finally, we agree with the district court's rejection of Paschall's argument that the warranted "Savings" Clause restored coverage. Application of the Warranty "Savings" Clause would be inappropriate, as coverage was barred by two exclusions, rather than warranties. Consequently, we affirm the district court's grant of summary judgment in favor of Insurers.

**AFFIRMED.**